IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORMAN JOSEPH CONKLE, II, #213 950 | * | |
|     Plaintiff, | * | |
| v. | * | 2:09-CV-628-ID (WO) |
| GOVERNOR BOB RILEY, *et al.*, | * | |
|     Defendants. | * | |

**ORDER**

On September 3, 2009 Plaintiff filed an amended complaint pursuant to the court's order filed August 27, 2009. Plaintiff was ordered to amend his complaint because the original complaint failed to name a proper defendant. A review of Plaintiff's amended complaint reflects that he has named as defendants Governor Bob Riley, Commissioner Robert Allen, and Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Paroles. (*See Doc. No. 8*.)

The court has carefully reviewed the allegations in Plaintiff's amended complaint. From that review, it is clear that Plaintiff has named the individuals identified above based on their supervisory roles. The law is well settled, however, that supervisory personnel cannot be liable under 42 U.S.C. § 1983 for the action of their subordinates under a theory of *respondeat superior.* See Monell v. Dept. of Soc. Svces.*, 436 U.S. 658, 691 (1978); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to

higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted).

In light of the foregoing, it is

ORDERED that on or before **September 18, 2009**, Plaintiff shall file a seconded amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). Plaintiff's original and first amended complaints shall be **superseded** by this second amended complaint. That means Plaintiff shall no longer rely on the original or first amended complaints.

Accordingly, it is further ORDERED that:

1. Plaintiff's second amended complaint must identify each individual that he seeks to name as a defendant and *provide facts to show that particular individual's participation or involvement in his claim*. That is, Plaintiff must state specifically what that individual defendant did or failed to do and what he or she knew with respect to the claims presented in the complaint. If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

2. Describe with clarity those factual allegations that are material to each specific count against the named defendant(s);

3. Describe how each named defendant violated *Plaintiff's* constitutional rights; and

4. Plaintiff's second amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead " 'a *short and plain* statement of the claim that will give the

defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file a second amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.

The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint under 42 U.S.C. § 1983.

Plaintiff is reminded to write the civil action number assigned to the instant case (**Civil Action No. 2:09-CV-628-ID**) on the § 1983 form returned to the court pursuant to this order.

Done, this 4th day of September 2009.

                                        /s/ Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE